This writer dissents to the majority opinion because of its interpretation of R.C. 3109.12. In their opinion, the majority states that "[t]he provision of R.C. 3109.12 is geared toward the possibility of the mother or father marrying a third party * * *." However, nowhere in the statute do I read that it only applies to a situation where a mother or a father would marry a third party. In fact, the statute clearly provides that:
 "[t]he marriage or remarriage of the mother or father of a child does not affect the authority of the court under this section to grant the natural father reasonable parenting time rights or the parents or relatives of the natural father or the parents or relatives of the mother of the child reasonable companionship or visitation rights with respect to the child." R.C. 3109.12(B).
 If the legislature had meant to exclude a situation where the natural mother and father marry each other after the birth of such child, it could have easily so provided. Hence, it is this writer's view that since the statute is not ambiguous, the court has jurisdiction to address visitation. Therefore, I agree with the Fifth Appellate District that R.C. 3109.12 applies to the situation at hand because the parents of Colleen were not married at the time of her birth, nor were they married when appellants filed their complaint to establish visitation. Stout v. Kline (Mar. 28, 1997), Richland App. No. 96-CA-71, unreported, 1997 WL 219099, at 1.
Moreover, the majority indicates that its position is buttressed by the United States Supreme Court's decision in Troxel v. Granville (2000),530 U.S. 57. I disagree for two reasons. First, it is my view that the majority had no compelling basis to engage in a constitutional analysis since appellants did not raise any constitutional challenges to R.C.3109.12 with the trial court; nor does it appear that the trial court declared R.C. 3109.12 to be unconstitutional. See In re DiDonato (Mar. 30, 2001), Lake App. No. 2000-L-182, unreported, 2001 WL 316183, at 5. On the contrary, the language employed by the trial court in its judgment entry indicates that it utilized the reasoning of the Troxel case in interpreting R.C.3109.12 to reach its conclusion that appellants had no rights to visitation based on the undisputed facts presented here regarding any genuine issue of material fact.
Secondly, my reading of the Troxel case suggests that the statute at issue in that matter was much broader than the one at hand. The statute in Troxel provided in part that any person could petition the court forvisitation at any time. (Emphasis added.) Thus, the United States Supreme Court held that the statute unconstitutionally infringed on a fundamental parental right. However, it is my view that R.C. 3109.12 is not vague because it limits who can petition the court for visitation,i.e. the parents or any relative. Nor does it impose the same degree of intrusion on the natural parents' liberty interests on its face. If the result requested by appellants is troublesome based on pragmatic and policy considerations, then the issue should be addressed by the General Assembly. For these reasons, I, therefore, dissent from the majority.